United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&C AUTO BODY INC, | No. C06-04898 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND AMENDED ANSWER** |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is GEICO's Motion For Leave To File A Counterclaim Against Plaintiffs G & C Auto Body, Inc. And Dibbles AutoBody, The Collision Works, And to File An Amended Answer To Plaintiffs' Complaint. (Docket No. 96.) After full briefing, the Court has determined that this Motion is suitable for resolution without oral argument.[1] For the following reasons, the Court **GRANTS** the Motion.

**FACTUAL BACKGROUND**

On Jun 21, 2006, Plaintiffs filed their complaint in the Sonoma County Superior Court, alleging four causes of action: (1) violation of Cal. Bus. & Prof. Code Section 17200, (2) Interference with Economic Relationship, (3) Fraud and Deceit, and (4) Commercial Defamation. On August 14, 2006, GEICO removed this case to federal court on the basis of diversity jurisdiction.

---

[1] The Court **GRANTS** G&C's Motion To Strike GEICO'S Supplement To Motion To File Counterclaim. (Docket No. 161.) GEICO'S unauthorized sur-reply does not conform with Civil Local Rule 7-3(d).

1  On August 18, 2006, GEICO filed an Answer to Plaintiffs' Complaint which included numerous
2  affirmative defenses but no counterclaims.

3  On July 24, 2007, GEICO filed the instant Motion, requesting leave to assert a counterclaim
4  against Plaintiffs G&C Auto Body, Inc. ("G&C") and Dibbles Auto Body, the Collision Works
5  ("Dibbles") for intentional interference with contractual relationships, and to file an Amended
6  Answer to Plaintiff's Complaint newly asserting affirmative defenses related to the same alleged
7  facts supporting the counterclaims.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served, after that the party may amend the pleading only by leave of court or by written consent of the adverse party. Additionally, Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires." The Supreme Court has made it clear that courts are to carefully heed this mandate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether to grant leave to amend, the Court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Id.* Generally, the court engages in this analysis with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While each of these factors is relevant to determining the propriety of leave to amend, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, if the party opposing the motion fails to establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

///

2

**ANALYSIS**

The parties agree, and the Court finds, that GEICO's proposed counterclaim for interference with contractual relationships is a compulsory counterclaim, as it concerns the same labor repair rates upon which Plaintiffs' complaint against GEICO is based. The parties dispute two issues – whether GEICO unduly delayed in seeking leave to bring the counterclaim and amend its answer, and whether the counterclaim and amended answer are futile.[2]

### A.   GEICO Did Not Unduly Delay Seeking Leave To Bring Its Counterclaim And Amend Its Answer.

The record does not support Plaintiffs' assertions that GEICO unduly delayed seeking leave to assert the counterclaim. With respect to the allegations that GEICO now makes regarding Plaintiffs' involvement in encouraging GEICO policyholders to bring small claims actions against GEICO, the record presently before the Court suggests, at most, that GEICO may have been aware that many of its policyholders were bringing small claims suits, and that individuals associated with Plaintiffs frequently appeared to testify in such actions. (Smith Decl., Exh. E at 217:4-15, Exh. F at 41:6-13.) The testimony adduced at the recent depositions of Eugee Crozat and Shawn Crozat goes much farther – it details an alleged involvement by Plaintiffs in encouraging GEICO's policyholders to bring suit that is far more extensive and intentional, including assisting policyholders in typing up small claims court complaints, paying filing fees, and traveling to small claims court with the policyholders to assist them in filing suit. (Feld Decl. Exh. A at 160:21:161-5, Exh. C at 193:11-15, Exh. D at 199:5-12, Exh. E at 203:6-9, Exh. F at 205:3-23; Exh. H at 49:20-23, Exh. I at 61:11-24.) Nothing in the record before this Court indicates that GEICO was aware, or should have been aware, of such alleged facts prior to the July 2007 depositions in this matter.

With respect to G&C's "rental rebate" program, the record before the Court suggests, at most, that GEICO may have been aware from G&C's advertisements that G&C had a rental rebate program. (Smith Decl., Exh. D.) These advertisements, however, do not describe the rental rebate

---

[2] Plaintiffs do not assert prejudice in their opposition. They acknowledge that the operative facts supporting the counterclaim are already material to the litigation because of the affirmative defenses that GEICO has already pleaded in this action. Accordingly, the Court finds that there is no prejudice to Plaintiffs by allowing GEICO to assert its counterclaim and to amend its answer.

3

United States District Court
For the Northern District of California

program in detail, and in particular do not indicate that G&C allegedly charged GEICO for the full, pre-rebate rental charge. (*Id.*) Nothing in the record indicates that GEICO was aware, or should have been aware, of such alleged facts prior to the July 2007 depositions in this matter.

Accordingly, the Court finds that GEICO did not unduly delay in seeking leave to file its counterclaim and amended answer.

**B.    GEICO's Counterclaim Is Not Futile.**

G&C contends that GEICO's proposed counterclaim would be futile for three reasons. First, G&C asserts that the proposed counterclaim constitutes a strategic lawsuit against public participation ("SLAPP"), and therefore G&C could move to strike the proposed counterclaim. Second, G&C argues that GEICO must allege independently unlawful conduct to properly allege the proposed counterclaim, but is unable to do so. Third, G&C argues that amendment would be futile because statements used to support the claim are inadmissible hearsay.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted). If amendment would be futile, then a court has discretion to deny a motion for amendment. *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of Southern California*, 648 F.2d 1252 (9th Cir. 1981).

**1.    G&C Has Not Adequately Established That California's Anti-SLAPP Legislation Renders The Proposed Counterclaim Futile.**

California's anti-SLAPP legislation provides that a cause of action against a person, arising from the person's exercise of their right of petition or free speech under the federal and state constitutions, in connection with a public issue, is subject to a special motion to strike. Cal. Civ. Proc. Code § 425.16(b)(1). Counterclaims brought in federal court based on California law are subject to the California anti-SLAPP motion to strike procedure. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999).

The party moving to strike must first make a *prima facie* showing that "the act or acts of which the plaintiff complains were taken 'in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue,' as

4

defined in the statute." *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). The burden then shifts to the party resisting the motion to strike to demonstrate a probability of prevailing on the claim. To meet this burden, the plaintiff's complaint must be legally sufficient and supported by an adequate prima facie showing of facts to sustain a favorable judgment if all of the plaintiff's facts are taken to be true. *Jarrow v. LaMarche*, 31 Cal. 4th 728, 738 (2003). Parties "may defeat the anti-SLAPP motion by establishing a probability of prevailing on their claim." *Navellier v. Sletten*, 29 Cal. 4th 82, 95 (2002). Section 425.16(b)(2) directs the court to consider "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based" in making its determination.

G&C contends that GEICO's counterclaim is futile because G&C could successfully move to strike the counterclaim pursuant to California's anti-SLAPP statute. However, G&C's showing is insufficient to establish futility of the amendment. Even assuming, without deciding, that G&C is correct that the counterclaim that GEICO asserts is based on acts in furtherance of G&C's right of petition or free speech, G&C has entirely failed to meet its burden of showing that GEICO could not prove up any set of facts that would establish a probability that GEICO would prevail on the counterclaim. Though the burden of proving such facts would fall upon GEICO for purposes of a special motion to strike, here the burden falls squarely on G&C to establish futility, *i.e.*, to establish that GEICO could not prove up facts that would let it survive a motion to strike. *See Miller*, 845 F.2d at 214. G&C has not met that burden.

**2. Plaintiffs Fail to Demonstrate that Defendants Have Not Adequately Pleaded the Proposed Counterclaim**.

G&C argues that GEICO's proposed counterclaim fails because GEICO needs to, but is unable to, allege that G&C's actions independently constituted unlawful conduct. Independent unlawful conduct is an element of intentional interference with an economic relationship. *See Korea Supply Co. v. Lockheed martin Corp.*, 29 Cal. 4th 1134, 1159-61 (2003).

GEICO represents that, due to a typographical error, the proposed counterclaim was referred to in its papers as intentional interference with an economic relationship. GEICO argues, however, that the substance of its proposed counterclaims shows that it is actually stating a claim for

5

intentional interference with a contractual relationship. Upon review, the Court agrees that GEICO's proposed counterclaim adequately states a cause of action for the tort of intentional interference of a contractual relationship, which does not require independent unlawfulness. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Accordingly, the Court finds that the proposed counterclaim should not be dismissed on this ground.

### 3. G&C's Assertions That The Proposed Counterclaims Is Based On Inadmissible Hearsay Fails To Demonstrate Futility.

G&C argues that GEICO's use of inadmissible hearsay to support the proposed counterclaim renders the counterclaim futile. The Court rejects this argument for two reasons. First, the Court agrees with GEICO that, if introduced at trial, the out of court statement would not be offered for its truth, but rather to establish G&C's efforts to interfere with contractual relationships. More importantly, G&C's efforts to attack the evidentiary basis for GEICO's counterclaim are premature at this stage. The appropriate inquiry at this stage is whether the proposed counterclaim is futile, not whether GEICO will ultimately be able to carry its burden of proof with admissible evidence. *Cf. Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002) ("We ask only whether the pleadings are sufficient, not whether the plaintiff could find evidence to support them.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. GEICO shall file its amended answer and counterclaim within three court days of entry of this Order.[3]

**IT IS SO ORDERED.**

Dated: November 6, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] GEICO shall also correct the caption of its counterclaim to reflect that the claim is for intentional interference with a contractual relationship.

6