IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&C AUTO BODY INC, | No. C06-04898 MJJ |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL SUMMARY JUDGMENT MOTION ON SECTION 17200 CLAIM;** |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | **(2) GRANTING DEFENDANTS' PARTIAL SUMMARY JUDGMENT MOTION ON FRAUD CLAIM; and** |
| | **(3) DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND.** |

## INTRODUCTION

Before the Court are three motions: (1) Defendants' Motion For Partial Summary Judgment On Plaintiffs' First Cause Of Action For Alleged Violation Of California Business & Professions Code Section 17200 (Docket No. 79); (2) Defendants' Motion For Partial Summary Judgment On Plaintiffs' Fraud Claim (Docket No. 72), and (3) Plaintiffs' Motion For Leave To Amend (Docket No. 201.)

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' summary judgment motion with respect to the Section 17200 claim, **GRANTS** Defendants' summary judgment motion with respect to the fraud claim, and **DENIES** Plaintiffs' motion for leave to amend.

**FACTUAL BACKGROUND**

Plaintiffs are two auto body repair companies that have sued the defendant insurance companies. Defendants provide automobile coverage for their policyholders. Plaintiffs on occasion perform work for some of Defendants' policyholders. Plaintiffs have asserted four claims against Defendants in this action: (1) unfair competition under Section 17200, (2) interference with economic relationship, (3) fraud and deceit, and (4) commercial defamation.

The gravamen of Plaintiffs' allegations against Defendants is that the labor repair rates that Defendants use to resolve the claims of their policyholder are below the prevailing auto body rates in the region, and below the allegedly reasonable labor repair rates that Plaintiffs are entitled to charge for auto repair work. Plaintiffs also contend that Defendants are steering their policyholders away from taking their business to Plaintiffs in an effort to avoid having to pay Plaintiffs' allegedly reasonable rates.

**LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *See id.* at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

2

party, could resolve the material issue in its favor. *See id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

**ANALYSIS**

**I.    Plaintiffs' Section 17200 Claim.**

Defendants challenge Plaintiffs' first cause of action – a Section 17200 unfair competition claim – on four different grounds. Defendants contend that summary judgment on this claim should be granted in their favor because: (1) Plaintiffs' lack standing to bring the claim, (2) the Court should abstain from hearing the claim, (3) Plaintiffs' Section 17200 claim seeks to circumvent the prohibition on private actions for violation of the Insurance Code's regulation of unfair competition in the business of insurance, and (4) Plaintiff's Section 17200 claim is moot.

**A.    Standing.**

Section 17200 claims permit restitutionary and injunctive relief, but not damages. As did the parties, the Court will separately analyze Plaintiffs' standing to seek the two forms of relief.

**1.    Restitution.**

Given the nature of Plaintiffs' allegations, Plaintiffs lack standing to seek restitution under Section 17200. The California Supreme Court's decision in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) is directly on point and controls here. In *Korea Supply*, the Court considered the question of standing for Section 17200 claims, and held that nonrestitutionary disgorgement is not available as a remedy in an individual action under Section 17200.

The type of monetary award that Plaintiffs seek here is remarkably similar to that in *Korea Supply*. As in *Korea Supply*, Plaintiffs do not seek to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.* at 1149. Instead, Plaintiffs seek monetary relief for two alleged harms: (1) unpaid accounts receivable that Plaintiffs have accumulated with respect to car owners that have insurance policies with Defendants, based on Defendants' failure to pay its policyholders the full labor rates charged by Plaintiffs for that repair work; and (2) loss of business caused by Defendants' steering of customers away from Plaintiffs' auto repair shops. Plaintiffs are not GEICO policyholders and have no contractual claims pursuant

3

to any GEICO insurance policy. Instead, Plaintiffs enter into contracts with the policyholders that require repairs.

Any monetary award that Plaintiffs would recover from Defendants in this litigation therefore "would not be restitutionary as it would not replace any money or property that defendants took directly from plaintiff." *Id.* Moreover, contrary to Plaintiffs' contentions, nothing in the record before the Court establishes that Plaintiffs have a "vested interest" in the money they seek to obtain, within the meaning discussed by *Korea Supply*. While the concept of restitution, as used in Section 17200, is broad enough to allow a plaintiff to recover money or property in which he or she has a "vested interest", such as earned wages, here Plaintiffs have nothing more than an "expectancy", or "contingent interest", in the receipt of monies paid by Defendants to their policyholders. *See id.*[1] As in *Korea Supply*, Plaintiffs' expectancy in this case is further attenuated because Plaintiffs never anticipated payment directly from Defendants; rather, Plaintiffs expected Defendants' policyholders to pay Plaintiffs the amounts they are reimbursed by Defendants under the insurance policies. An order awarding money to Plaintiffs here would improperly award funds that constitute a "contingent expectancy of payment from a third party", rather than "funds that were directly owed to them by the defendant." *Id.* This kind of recovery is not restitutionary in nature and is therefore not available under Section 17200.[2]

Plaintiffs' authorities fail to support their assertion of standing. In each case cited by Plaintiffs, the money sought to be recovered by means of a Section 17200 claim had either originally been in the plaintiffs' possession, or an ownership interest in the money had been created by a direct

---

[1] Plaintiffs attempt to fit their allegations in this case inside the boundaries drawn by *Korea Supply* by contending that they have a "vested interest in recovering money owed to them for work already completed", as well as a vested interest in "business that would have gone to them but for GEICO's unfair practice of steering customers away from them." (Opp. at 23:10-11.) This argument stretches the noted of a "vested" ownership interest beyond its reasonable meaning, and beyond the meaning given to it in *Korea Supply*. Plaintiffs may have a vested interest in the amounts directly owed by car owners for work already performed, but they do not have a vested ownership interest in insurance proceeds that Defendants have declined to pay to their policyholders. As to Plaintiffs' contention that they have a "vested interest" in lost business due to steering, *Korea Supply* directly rejects this argument: "Compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims." 29 Cal. 4th at 1151.

[2] The California Supreme Court's policy rationale for its holding in *Korea Supply* applies with equal force here: "Allowing the plaintiff in this case to recover nonrestitutionary disgorgement under the UCL would enable it to obtain tort damages while bypassing the burden of proving the elements of liability under its traditional tort claim for intentional interference with prospective economic advantage." 29 Cal. 4th at 1151.

4

1 obligation between the plaintiff and defendant.  *See Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1181
2 (N.D. Cal. 2001) (money taken from plaintiffs' bank account by unknown persons); *Shersher v.*
3 *Superior Court*, 154 Cal. App. 4th 1491, 1499-1500 (2007) (plaintiff previously had ownership
4 interest in money paid to retailer for software that did not perform as expected); *Cortez v. Purolator*
5 *Air Filtration Products Co.*, 23 Cal. 4th 163, 178 (2000) (defendant could be required to restore
6 unpaid wages unlawfully withheld from its employees); *Matoff v. Brinker Restaurant Corp.*, 439 F.
7 Supp. 2d 1035, 1038 (C.D. Cal. 2006) (customer had standing to pursue restitution for tips it paid,
8 even if defendant had since directed those funds to third parties).  None of these cases permit
9 Plaintiffs to escape the limits on restitutionary recovery established in *Korea Supply*.
10 Accordingly, the Court finds that Plaintiffs cannot obtain monetary relief in connection with
11 their Section 17200 claim.  The sole remaining issue discussed below with regard to this claim,
12 therefore, is whether Plaintiffs can obtain injunctive relief.

### 2. Injunctive Relief.

14 The standing requirements to maintain a Section 17200 action, as modified by the passage of
15 Proposition 64, are set forth in Section 17204.  For standing purposes, Section 17204 requires that a
16 plaintiff "has suffered injury in fact and has lost money or property as a result of such unfair
17 competition."  Defendants contend that have Plaintiffs cannot establish injury in fact, and cannot
18 establish that they have lost money or property as a result of unfair competition, because Defendants
19 are not party to any insurance contract with Defendants.  The Court disagrees.
20 Plaintiffs have adequately established both injury in fact, and a loss of money as a result of
21 the acts that Plaintiffs contend constitute unfair competition.  Both unpaid accounts receivable that
22 Plaintiffs have accumulated with respect to car owners that have insurance policies with Defendants,
23 as well as Plaintiffs' loss of business caused by Defendants' steering of customers away from
24 Plaintiffs' auto repair shops, have a direct causal connection to the acts that Plaintiffs contend
25 constitute unlawful competition here.  Neither *Cazares v. Household Finance Corp.*, 2005 U.S. Dist.
26 LEXIS 39222 (C.D. Cal. July 26, 2005) nor *Hamelin v. Allstate Ins. Co.*, U.S. Dist. LEXIS 5093
27 (C.D. Cal. Mar. 12, 2002), cited by Defendants, support Defendants' contention that Plaintiffs lack
28 standing under such circumstances simply because they are not in a contractual relationship with

1  Defendants.

2  Defendants also argue, by citing to *Walker v. USAA Cas. Ins. Co.*, 474 F.Supp.2d 1168 (E.D.
3  Cal. 2007), that Proposition 64's modification to the Section 17204 standing requirements now
4  restrict the availability of injunctive relief to those that would qualify for restitutionary relief under
5  *Korea Supply*. In *Walker*, the court found that the amendment to Section 17204 wrought by
6  Proposition 64, which now requires that a plaintiff show that he or she has "suffered injury in fact
7  and has lost money or property as a result of unfair competition", intended to use the terms "lost
8  money and property" in the same precise and technical sense that California courts had already
9  defined "lost money and property" for purposes of seeking restitution. *Id.* at 1172. Citing *Korea*
10 *Supply* and *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal 4th 163, 177 (2000), the *Walker*
11 court found that the term "lost money or property", as used in Section 17204, had already been
12 defined in the context of seeking restitution to require a plaintiff to have either prior possession or a
13 vested legal interest in the money or property lost. 474 F. Supp. 2d at 1172. This analysis, if
14 correct, would suggest that Plaintiff lack standing to seek even injunctive relief for the reasons
15 discussed above in Section I.A.1.

16 This Court, however, declines to adopt the reasoning or holding of *Walker*. Central to the
17 chain of reasoning in *Walker* was the assumption that the statutory language "lost money or
18 property" had already been judicially construed by the California courts in *Korea Supply* and *Cortez*
19 before Proposition 64's passage. This Court's own review of *Korea Supply* and *Cortez*, however,
20 turned up no express discussion or definition of the phrases "lost money or property" or "loss of
21 money or property" in these decisions. Nor can the Court consider the wording of the relevant
22 portions of Sections 17203 and 17204 to be parallel. To the contrary, Section 17203's wording
23 authorizing restitutionary relief – which permits a court to "restore to any person in interest any
24 money or property, real or personal, which may have been acquired by means of such unfair
25 competition" – is worded differently, and more narrowly, than Section 17204's requirement that a
26 person have "lost money or property" as a result of unfair competition to have standing to sue.
27 This Court therefore finds no basis to presume that the People of California, when adopting
28 Proposition 64, meant for the new Section 17204 standing requirements to track the requirements

6

1 established for obtaining restitution under Section 17203 set by *Korea Supply*, *Cortez* and their
2 progeny.

3 The *Walker* analysis is also in tension with *White v. Trans Union LLC*, 462 F. Supp. 2d 1079,
4 1084 (C.D. Cal. 2006). In *White*, the Court rejected the argument that the Plaintiff must show that
5 the Defendant took money directly from plaintiff in order to obtain injunctive relief under Section
6 17200. *Id.* at 1083. *White* found that, at the motion to dismiss stage, allegations of lost income were
7 enough to establish injury-in-fact, and therefore to establish standing to seek injunctive relief. *White*
8 found that, for purposes of injunctive relief, lost income "is all the statute requires. In particular, the
9 statute does not require that the losses in question were the product of the defendant's wrongful
10 acquisition of the plaintiff's property." *Id.* at 1084. This Court agrees with *White*'s reading of
11 Section 17204.

12 Accordingly, the Court finds that Plaintiffs have standing to seek injunctive relief in
13 connection with their Section 17200 claim.

14 **B.      Abstention**

15 Defendants argue that the Court should abstain from exercising jurisdiction over Plaintiffs'
16 Section 17200 claim because the conduct at issue is subject to extensive regulation by the California
17 Department of Insurance ("DOI"). The briefing submitted by Defendants leaves it unclear exactly
18 which abstention doctrine, or doctrines, they seek to invoke. Although Defendants never refer to
19 them by name, the abstention doctrines discussed in the authorities cited by Defendants are
20 *Burford* abstention and the primary jurisdiction doctrine.

21 Given that the Court has determined that the sole remedy available to Plaintiffs in connection
22 with their Section 17200 claim is injunctive relief, the abstention analysis is simplified considerably
23 by Plaintiffs' concession at oral argument, on the record in open court, that the only form of
24 injunctive relief that they will seek based on Section 17200 is an injunction requiring Defendants to
25 cease and desist from making defamatory remarks about Plaintiffs' worksmanship and business
26 practices. Defendants' evidence indicates that injunctive relief directed at Defendants'
27 reimbursement practices or calculation of labor repair rates might have considerably overlapped, and
28 potentially interfered with, the Department of Insurance's expertise in and regulatory authority over

Defendants. (Feld Decl., Exh. B; *see also* Defendants' Supplemental Statement of Facts, Exh. 12.)[3] However, there is no indication in the record before this Court that the Department of Insurance ("DOI") has special expertise in, or regulates, potentially defamatory statements made by insurers regarding auto body shops. Accordingly, the Court finds that neither *Burford* principles nor the primary jurisdiction doctrine warrant abstention here. *See Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir.1982) (*Burford* abstention can apply where, *inter alia*, issues "are not easily separable from complicated state law issues with which the state courts may have special competence"); *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992) (primary jurisdiction doctrine can apply where enforcement of claim requires "enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed with the special competence of an administrative body").

### C. Insurance Code Section 790.03.

Defendants contend that Plaintiffs' Section 17200 claim runs afoul of the California prohibition against a private right of action for violations of California Insurance Code Section 790.03. Section 790.03 defines and prohibits certain acts of unfair competition in the business of insurance. There is no private right of action under California Insurance Code Section 790.03. *See Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 304-05 (1988). Instead, the procedures to enforce alleged violations of Section 790.03 are vested within the exclusive authority of the Insurance Commissioner.

The law is clear that Plaintiffs cannot rely on alleged violations of Insurance Code Section 790.03 to establish "unlawful" conduct for purposes of their Section 17200 claim. *See Maler v. Superior Court*, 220 Cal. App. 3d 1592, 1598 (1990); *Safeco Ins. Co. v. Superior Court*, 216 Cal App. 3d 1491, 1494 (1990). However, neither *Maler* and *Safeco*, nor any other authority of which this Court is aware, bar Plaintiffs from pursuing a Section 17200 claim for unlawful conduct to the extent that Plaintiffs can establish the unlawfulness is based upon a different statutory provision. Here, for purposes of supporting their request for injunctive relief prohibiting defamatory remarks,

---

[3] On November 26, 2007, after oral argument on the motion, Defendant submitted supplemental evidence regarding this point without prior leave of Court. Defendant's submission did not comply with Civil Local Rule 7-3. Accordingly, the Court **GRANTS** Plaintiff's motion to strike the November 26, 2007 submission. (Docket No. 269.)

8

1 Plaintiffs identify California Civil Code Section 46(3) as an independent statutory basis for deeming
2 the allegedly defamatory remarks unlawful.[4]  An unfair competition claim may be based on
3 defamatory statements if such statements constitute a business practice.  *See Isuzu Motors, Ltd. v.*
4 *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1048 (C.D. Cal. 1998).  The Court finds that
5 Insurance Code 790.03 does not bar Plaintiffs from establishing a violation of Section 17200, and
6 obtaining the injunctive relief identified at oral argument, by proving a predicate violation of Civil
7 Code Section 46(3).

**D.     Mootness.**

Though Defendants contend Plaintiffs' Section 17200 cause of action is moot, they fail to offer evidence establishing that the allegedly defamatory remarks regarding Plaintiffs have actually ended.  The administrative remedies pursued and implemented by the Department of Insurance do not address issues of defamation.  (Feld Decl., Exh. B.)  On this record, the Court cannot conclude that the alleged wrongful conduct has ended.

**E.     Sufficiency Of Plaintiffs' Evidence.**

Plaintiffs' lengthy presentation of its factual evidence demonstrating Defendants' misconduct is largely irrelevant to resolution of Defendants' summary judgment motion challenging the Section 17200 claim, which by Defendants' own admission raised solely legal challenges.[5]  For the first time on reply, Defendants contend that Plaintiffs have failed to come forward with proof of certain elements of a Section 17200 claim.  The Court will not consider such arguments as they were not raised in Defendants' opening brief.[6]

---

[4] California Civil Code Section 46(3) provides that slander includes any false and unprivileged publication which "[t]ends to directly injure [plaintiff] in respect to [plaintiff's] office, profession, trade or business, either by imputing to [plaintiff] general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to [plaintiff's] office, profession, trade, or business that has a natural tendency to lessen its profits."

[5] For the same reason, the Court need not reach the merits of Defendants' objections to certain exhibits submitted in opposition to the Motion (Docket No. 230) nor Defendants' objections to Plaintiffs' request for judicial notice (Docket No. 231).  Resolution of Defendants' legal challenges to the Section 17200 claim does not depend on the admissibility of this evidence.

[6] Plaintiffs' opposition included a Rule 56(f) request for additional time to present expert testimony to the Court. The Court denies Plaintiffs' Rule 56(f) request because Plaintiffs have not demonstrated how expert testimony would be relevant to resolution of these legal challenges. In any event, the Rule 56(f) request appears to be moot as Plaintiffs, shortly before the hearing, submitted declarations from their two experts.  Because the contents of these expert declarations is

9

**II.     Plaintiffs' Fraud Claim.**

For the reasons discussed on the record at the hearing, and as indicated at the hearing, the Court **GRANTS** Defendants' motion for summary judgment with respect to Plaintiffs' fraud claim, their third cause of action, and **DENIES** Plaintiffs' motion for leave to amend as futile.  Plaintiffs' proposed amended complaint, like their current complaint,  fails to adequately plead the existence of false or misleading statements with sufficient particularity.  Moreover, Plaintiffs have failed meet their burden under *Celotex* to come forward with evidence of (1)  actionable false or misleading statements, (2) intent to induce reliance by Plaintiffs, or (3) justifiable reliance.[7]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' summary judgment motion with respect to the Section 17200 claim, **GRANTS** Defendants' summary judgment motion with respect to the fraud claim, and **DENIES** Plaintiffs' motion for leave to amend.

**IT IS SO ORDERED.**

Dated: December 12, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

irrelevant to the Court's resolution of the legal challenges raised by Defendants, the Court **DENIES** Defendants' motion to strike the expert declarations (Docket No. 249) as moot.

[7] Plaintiffs cite to Exhibit V of the Colleen Duffy Smith declaration as evidence that Defendant made statements to policyholders, "in the form of estimates drafted for Plaintiffs", that the reimbursement rate was $75 per hour. But Exhibit V is a chart of small-claims complaints prepared by Plaintiffs' counsel and does not prove the existence of the false or misleading statements.