JAMES MCMANIS (40958)
MICHAEL REEDY (161002)
COLLEEN DUFFY SMITH (161163)
McMANIS FAULKNER & MORGAN
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    408-279-8700
Facsimile:    408-279-3244
cduffysmith@mfmlaw.com

Attorneys for Plaintiffs G & C AUTO BODY, INC.,
a California corporation, and DIBBLE'S AUTOBODY,
the Collision Works, a sole proprietorship

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| G & C AUTO BODY, INC., a California corporation, and DIBBLE'S AUTOBODY, the Collision Works, a sole proprietorship<br><br>    Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation, GEICO CASUALTY COMPANY, a Maryland corporation, GEICO INDEMNITY COMPANY, a Maryland corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 3:C06-CV-04898 MJJ<br><br>**STIPULATION AND ORDER [PROPOSED] TO AMEND SECTION 4.1.4.1 OF THE PARTIES' AUGUST 22, 2007, AMENDED PROTECTIVE ORDER**<br><br>Date of Removal: August 14, 2006<br>Date of Trial: March 3, 2008<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

WHEREAS Defendants, GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO CASUALTY COMPANY, and Plaintiffs, G & C AUTO BODY, INC. ("G & C"), and DIBBLE'S AUTOBODY, stipulated to an Amended Protective Order, entered by this Court on August 22, 2007 (the "August 22, 2007, Order") [DOC 141];

WHEREAS Defendants have sought production from Plaintiff G & C of certain of its

repair orders (the "repair orders") which contain business proprietary information of third party insurers (competitors of Defendants), including the insurers' identities and the rates charged by the insurers;

WHEREAS there exist certain commercial agreements between Plaintiff G & C and insurance companies for the performance of auto body repair services at reduced rates, commonly referred to as Direct Repair Program ("DRP") agreements;

WHEREAS many of the DRP agreements contain confidentiality clauses which do not permit Plaintiff G & C to disclose the identity of insurance companies with whom Plaintiff G & C has a commercial relationship, absent Court order;

WHEREAS, previously, the parties jointly agreed that Defendants would accept the production of the repair orders from Plaintiff G & C in redacted form, and the repair orders were redacted using redaction tape, such that the repair orders excluded identifying information concerning insurers other than Defendants, among other third party private information that was also redacted at the time the repair orders were first produced to the Defendants, because there was no operative protective order entered in this matter;

WHEREAS, the repair orders do not exist in unredacted hard-copy form other than as contained in the several tens of thousands of Plaintiff G & C's customer files located at all three of its auto body shops;

WHEREAS, Defendants have requested that Plaintiff G & C provide them with the original redacted repair orders so that Defendants could remove the redaction tape to reveal the names of customers in order to make a more meaningful review of the claims and defenses in this matter;

WHEREAS, the identity of insurers may inadvertently be revealed in Defendants' use of the documents;

WHEREAS the August 22, 2007, Order at section 4.1.4.1 thereof does not provide for protection of third party insurer business proprietary information;

The parties hereto jointly agree, and request that this Court amend the August 22, 2007, Order to read at section 4.1.4.1 thereof, as follows:

As to any material that is designated as Highly Confidential, where such material contains the personal *or business* identifying information, i.e., *names,* residence address and/or telephone number of third parties, defined as *insurance companies,* insureds, claimants or customers of the parties, and/or third parties' private financial information, such as the third parties' *rates charged,* bank account numbers or credit card numbers, the Receiving Party shall not utilize either the personal *or business* identifying information or the private *or business identifying* financial information in any way, not otherwise authorized under Section 4.1.4, above, including to contact such third parties. Except that if the third party personal identifying *or business identifying* information is already known to the Receiving Party, or is available to the Receiving Party because it is available in the public domain, or through independent sources, the Receiving Party may contact such third party. Nothing in this section shall be construed to limit admissibility of evidence at trial, which admissibility is at the discretion of the trial Judge.

DATED: December 20, 2007          McMANIS FAULKNER & MORGAN

                                  /s/ Colleen Duffy Smith
                                  COLLEEN DUFFY SMITH
                                  Attorneys for Plaintiffs

DATED: December 20, 2007          SNELL & WILMER LLP

                                  /s/ Josh Grabel
                                  JOSH GRABEL
                                  Attorneys for Defendants

///
///

STIPULATION AND ORDER [PROPOSED] TO AMEND SECTION 4.1.4.1 OF THE PARTIES' AUGUST 22, 2007, AMENDED PROTECTIVE ORDER  Case No. C06-04898 MJJ      3

PURSUANT TO STIPULATION, THE COURT HEREBY ORDERS AS FOLLOWS:

The <u>Amended</u> Protective Order dated August 22, 2007, is amended such that it reads as follows in section 4.1.4.1 thereof:

"As to any material that is designated as Highly Confidential, where such material contains the personal *or business* identifying information, i.e., *names,* residence address and/or telephone number of third parties, defined as *insurance companies,* insureds, claimants, or customers of the parties, and/or third parties' private financial information, such as the third parties' *rates charged,* bank account numbers or credit card numbers, the Receiving Party shall not utilize either the personal *or business* identifying information or the private *or business identifying* financial information in any way, not otherwise authorized under Section 4.1.4, above, including to contact such third parties.  Except that if the third party personal identifying *or business identifying* information is already known to the Receiving Party, or is available to the Receiving Party because it is available in the public domain, or through independent sources, the Receiving Party may contact such third party.  Nothing in this section shall be construed to limit admissibility of evidence at trial, which admissibility is at the discretion of the trial Judge.

DATED: December 21, 2007

_____
HON. JAMES LARSON
United States District Court Judge

STIPULATION AND ORDER [PROPOSED] TO AMEND SECTION 4.1.4.1 OF THE PARTIES' AUGUST 22, 2007, <u>AMENDED</u> PROTECTIVE ORDER  Case No. C06-04898 MJJ      4