```
 1  JAMES MCMANIS (40958)
    MICHAEL REEDY (161002)
 2  COLLEEN DUFFY SMITH (161163)
    DAVID PEREZ (238136)
 3  McMANIS FAULKNER & MORGAN
    A Professional Corporation
 4  50 West San Fernando Street, 10th Floor
    San Jose, California 95113
 5  Telephone:    408-279-8700
    Facsimile:    408-279-3244
 6  cduffysmith@mfmlaw.com

 7  Attorneys for Plaintiffs G & C AUTO BODY, INC.,
    and DIBBLE'S AUTOBODY, the Collision Works
 8
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| G & C AUTO BODY, INC., a California corporation, and DIBBLE'S AUTOBODY, the Collision Works, a sole proprietorship<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation, GEICO CASUALTY COMPANY, a Maryland corporation, GEICO INDEMNITY COMPANY, a Maryland corporation, and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, et al.<br><br>Cross-complainants,<br><br>vs.<br><br>G & C AUTO BODY, INC., a California corporation<br><br>Cross-defendants. | Case No. 3:C06-CV-04898 MJJ<br><br>**PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE GEICO'S NOTICE OF FILING RESPONSE TO CURE PLAINTIFFS' OBJECTIONS RAISED IN DOCS. #324 AND #325, CARMODY DECLARATION IN SUPPORT OF NOTICE OF FILING RESPONSE, AND MOTION FOR SEALING ORDER TO FILE DR. BLAINE NYE'S REPORT AND REBUTTAL REPORT UNDER SEAL**<br><br>Date: February 26, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11<br>Judge: Hon. Martin J. Jenkins |

---

1

Plaintiffs' Objection to and Motion to Strike GEICO's Notice of Filing Response to Cure Plaintiffs' Objections Raised in Docs. #324 and #325, Carmody Declaration in Support of Notice of Filing Response, and Motion for Sealing Order to File Dr. Nye's Expert Report and Rebuttal Report Under Seal, Case No. C06-04898 MJJ

On February 19, 2008, the GEICO defendants ("GEICO") filed the following three documents in response to evidentiary objections that Plaintiffs G & C Auto Body, Inc. and Dibble's Autobody ("Plaintiffs") had filed on December 21, 2007, for a matter that is scheduled to be heard on February 26, 2008:

1. Notice of Filing Response to Cure Plaintiffs' Objections Raised in Docs. #324 and #325 (document 346);

2. Carmody Declaration in Support of Notice of Filing Response to Cure Plaintiffs' Objections Raised in Docs. #324 and #325 (document 347); and

3. Motion for Sealing Order to File Dr. Blaine Nye's Expert Report and Rebuttal Report Under Seal (document 348).

Plaintiffs object to and move to strike these late and improperly filed pleadings that violate Civil Local Rule 7-3(d) concerning the filing of supplementary materials. Plaintiffs request that these materials be stricken from the record and/or disregarded by the Court.

A. **GEICO's Notice of Filing Response to Cure Evidentiary Defects Should Be Stricken as an Unauthorized, Untimely, and Improper Filing.**

1. GEICO's Supplemental Filing Was Not Approved by the Court.

On December 21, 2007, Plaintiffs filed Objections to Declaration of Blaine F. Nye (document 324) and Objections to the Rebuttal Report of Blaine F. Nye, Ph.D. (document 325). Plaintiffs' evidentiary objections were made in response to a declaration signed by Dr. Blaine Nye, one of GEICO's expert witnesses, which included a two-page excerpt from his rebuttal report (see document 300-2, Exhibit D). Dr. Nye's declaration and two-page rebuttal report excerpt were attached to the Declaration of Robert Gibson in Support of GEICO's Opposition to Plaintiffs' Motion to Dismiss GEICO's Counterclaim (document 300).

Two months after Plaintiffs filed these objections, and only one week before the court hearing on Plaintiffs' Motion to Dismiss GEICO's Counterclaim, GEICO has improperly filed a belated "Response to Cure Plaintiffs' Objections." However, GEICO did not seek or obtain approval of the Court to file these supplementary materials, as required by Local Rule 7-3(d).

Civil Local Rule 7-3(d) states that "<u>once a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval</u>." GEICO violated this provision by filing its Notice of Filing Response to Cure Plaintiffs' Objections (as well as the Carmody Declaration and the Motion for Sealing Order) without asking for or obtaining the Court's approval to file the supplementary materials.

GEICO filed these supplemental materials *two months after* Plaintiffs filed their reply papers on the Motion to Dismiss GEICO's Counterclaim. GEICO is aware of Civil Local Rule 7-3(d)'s restrictions on the filing of supplemental materials. On November 15, 2007, GEICO filed a document entitled "Statement of Recent Decision Supporting GEICO's Motion for Partial Summary Judgment on Plaintiffs' First Cause of Action for Alleged Violation of California Business & Professions Code Section 17200" (document number 241), attaching a November 9, 2007 California appellate court decision. In addition, GEICO received this Court's December 12, 2007 Order (Docket No. 290), at p. 8, fn. 3, where the Court granted Plaintiffs' Motion to Strike GEICO's supplemental evidence, which was filed without prior leave of Court, in violation of Civil Local Rule 7-3.

2. <u>GEICO's Late Filing Does Not Cure the Evidentiary Defects</u>.

GEICO's "Response to Cure Plaintiffs' Objections" implicitly admits that Dr. Nye's declaration and two-page rebuttal report excerpt suffer from evidentiary defects. Plaintiffs' objections to these materials were based on lack of foundation, speculation, conclusory statements, hearsay, and improper authentication. (See documents 324 and 325.) Plaintiffs objected to the fact that Dr. Nye's declaration listed five conclusory opinions unsupported by any factual evidence. (See Nye Declaration, document 300-2, Exh. D, at ¶¶ 3.b – 3.f). The only "evidence" offered by GEICO was Dr. Nye's Rebuttal Report, which contains the same opinions (and nearly identical language), unsupported by any facts. (See Nye Declaration, document 300-2, Exh. D, at Exh. 1, pp. 7-8, ¶¶ 18-19.) Local Rule 7-5(b) states that declarations "may contain only facts" and "must avoid conclusions and argument." Dr. Nye's declaration failed this test because it relies solely upon legal conclusions.

3

Plaintiffs' Objection to and Motion to Strike GEICO's Notice of Filing Response to Cure Plaintiffs' Objections Raised in Docs. #324 and #325, Carmody Declaration in Support of Notice of Filing Response, and Motion for Sealing Order to File Dr. Nye's Expert Report and Rebuttal Report Under Seal, Case No. C06-04898 MJJ

In an attempt to cure these defects, GEICO submits Dr. Nye's 4-page curriculm vitae, his 53-page expert report, his 41-page rebuttal report, and 68 pages of deposition testimony (a total of 166 pages of supplemental material). However, the "Response to Cure Plaintiffs' Objections" fails to identify which pages of these materials are relevant to GEICO's opposition to the motion to dismiss the counterclaim. GEICO simply attaches 166 pages of material and leaves it up to the Court and Plaintiffs to ascertain how, where, and why these materials support GEICO's opposition to the motion to dismiss.

Civil Local Rule 7-5(a) requires the following:

> Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and <u>by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.</u> (Emphasis added.)

GEICO's "Response to Cure Plaintiffs' Objections" violates Local Rule 7-5(a) by failing to make any references to the record. GEICO does not identify a single factual contention that is supported by these materials. In addition, the 166 pages of supplemental materials are not authenticated by Dr. Nye, the person who presumably prepared and wrote his C.V., expert report, and rebuttal report. Sheila Carmody, one of GEICO's attorneys, inappropriately authenticates Nye's C.V. and reports. Because of the lack of appropriate references to support the factual contentions and because of the improper authentication, the supplemental materials violate Local Rule 7-5(a) and should not be considered by the Court.

Finally, it is improper to submit 166 pages of new materials (that GEICO may try to address at the hearing) two months after Plaintiffs filed their reply. There is no time to address the supplemental materials, even if GEICO had identified which pages were pertinent.

**B.   GEICO's Motion to File Dr. Nye's Expert Report and Rebuttal Report Under Seal is Improper and Should Be Stricken.**

In conjunction with the submission of 166 pages of supplemental materials, GEICO filed a purported Motion for Sealing Order to File Dr. Blaine Nye's Expert Report and Rebuttal Report Under Seal (document 348). GEICO claims it is necessary to file the expert report and

1  rebuttal report under seal "because Dr. Nye relied on and makes reference to documents that
2  Plaintiffs marked 'Confidential' and/or 'Highly Confidential – Attorney's Eyes Only' and under
3  the Protective Order, [Dr. Nye's] report is accordingly Confidential." (See document 348, p. 2.)
4       GEICO then contends that because Plaintiffs designated the documents relied upon by
5  Dr. Nye as confidential, Plaintiffs should file a declaration "establishing good cause for the
6  sealing along with a proposed order, or withdraw the designation." (*Id.*) GEICO's request is
7  burdensome, oppressive, and inappropriate. As noted above, GEICO failed to identify any pages
8  of Dr. Nye's expert and rebuttal reports upon which it is relying. It simply attached the complete
9  reports to its "Response to Cure Plaintiffs' Objections."
10      Therefore, the gist of GEICO's motion for a sealing order is that it would require
11 Plaintiffs to do the following:
12     1. Scour the 94 pages of Dr. Nye's report to identify every document that has been
13        designated as Confidential or Highly Confidential, including deposition testimony;
14     2. Assemble and review each of the Confidential or Highly Confidential documents,
15        some of which are completely Confidential or Highly Confidential, and others that
16        have portions designated as Confidential or Highly Confidential; and
17     3. Prepare a declaration establishing good cause for the sealing of each and every
18        document identified in Dr. Nye's reports that have been designated as Confidential or
19        Highly Confidential.
20      It must be noted that Dr. Nye's original report lists dozens of documents, including
21 customer declarations, witness depositions (and exhibits), business contracts between Plaintiffs
22 and other insurance companies, independent contractor contracts and tax forms, customer repair
23 estimates and invoices, forensic reports, financial statements, and other materials. (See Nye's
24 Expert Report, Exh. 2.) Nye's original report summarizes different labor rate contracts as well as
25 revenues earned by Plaintiffs' shops from 2001 to 2005. (*Id.* at Exhs. 5-6.) Nye's rebuttal report
26 identifies each of the expert reports (and their exhibits) that were provided to the parties, which
27 reference dozens of documents and thousands of pages. (See Nye's Rebuttal Report, Exh. 1.)
28

5

1  Plaintiffs should not be forced to identify every one of the confidential documents noted
2  by Dr. Nye, and then justify their designation, when GEICO ignored its legal duty to support its
3  factual contentions with "appropriate references to the record." (Civil Local Rule 7-5(a).)
4  GEICO failed this test by submitting a declaration consisting of argument and legal conclusions.
5  GEICO's attempt to cure these defects by dropping 166 pages of supplementary materials on the
6  Court, without citations to relevant pages, also fails.
7  If GEICO needs to file Confidential or Highly Confidential documents under seal to
8  support its factual claims, GEICO must cite to specific records and evidence. It did not do so.
9  Depositing 94 pages of expert reports on the Court and implying that evidentiary support for
10 GEICO's claims can be found somewhere in those reports, or in the many documents referenced
11 by those reports, is highly improper.
12 GEICO exarcerbates the situation by claiming that Plaintiffs have five days to go through
13 these 94 pages and to identify every Confidential or Highly Confidential document, without
14 knowing which documents are pertinent to GEICO's claims. GEICO had the duty to identify
15 evidence in support of its argument. GEICO failed to do so, then tried to correct its mistake by
16 depositing uncited materials with the Court. GEICO should not be allowed to shift an alleged
17 burden to substantiate the confidentiality of unspecified documents to Plaintiffs. GEICO's
18 failure to follow the rules does not justify its request that Plaintiffs review Nye's reports and
19 establish good cause for their confidentiality designations.
20 Because the supplemental materials were filed in violation of Civil Local Rule 7-3(d),
21 Plaintiffs ask that they be stricken from the record and/or disregarded by the Court.

DATED: February 21, 2008            McMANIS FAULKNER & MORGAN


                                    /s/ Michael Reedy
                                    MICHAEL REEDY

                                    Attorneys for Plaintiffs,
                                    G & C AUTO BODY, INC., and
                                    DIBBLE'S AUTOBODY

6