IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&C AUTO BODY INC, | No. C06-04898 MJJ |
| Plaintiff, | **ORDER RE: REVISED REQUESTS TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

## INTRODUCTION

Before the Court are the parties' revised requests to file documents under seal (Docket Nos. 307, 308 & 309) in connection with GEICO's July 3, 2007 and July 10, 2007 summary judgment motions directed at G&C's first and third causes of action.

For the following reasons, the Court **GRANTS** the parties' revised requests to file documents under seal as described below.

## FACTUAL BACKGROUND

In opposition to GEICO's July 3, 2007 and July 10, 2007 summary judgment motions, G&C originally filed a large volume of documents conditionally under seal. In particular, by administrative motion (Docket No. 208), G&C sought to file the entirety of the Declaration of Colleen Duffy Smith and its Exhibits A through NN under seal. By separate administrative motion (Docket No. 242), G&C sought to file the entirety of two declarations from its experts, Ronald H. Schmidt and Vanessa Brown Claiborne, under seal, including all attached exhibits.

1  On December 12, 2007, this Court issued an Order finding that the sealing requests were
2 overbroad. (Docket No. 289.) The Order required the parties, after a meet-and-confer, to either
3 withdraw their sealing requests or to adequately establish the particularized and specific grounds that
4 supported sealing the documents. (*Id.*) The parties subsequently filed revised requests to place
5 documents under seal that considerably narrowed the scope of their sealing requests, but did not
6 eliminate all disputes. (Docket Nos. 306, 307 & 308.)

## LEGAL STANDARD

8  Historically, courts have recognized a general right to inspect and copy public records and
9 documents, including judicial records and documents. *See Kamakana v. City and County of
10 Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right is justified by the interest of citizens
11 keeping a "watchful eye on the workings of public agencies." *Id.* Accordingly, "the proponent of
12 sealing bears the burden with respect to sealing. A failure to meet that burden means that the default
13 posture of public access prevails." *Id.* at 1182.

14  "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings,
15 including motions for summary judgment and related attachments." *Id.* at 1179. To overcome this
16 presumption, the party seeking to seal a document attached to a dispositive motion must articulate
17 "compelling reasons" for the seal, supported by specific facts for each document. *Id.* at 1178; *see
18 also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). A district court
19 must "conscientiously balance" the competing interests of the public and the party who seeks to
20 keep certain judicial records secret. *Id.* at 1179. A court sealing such judicial records must "base its
21 decision on a compelling reason and articulate the factual basis for its ruling, without relying on
22 hypothesis or conjecture." *Id.* Generally, "compelling reasons" sufficient to outweigh the public's
23 interest in disclosure exist when court files could "become a vehicle for improper purposes, such as
24 the use of records to gratify private spite, promote public scandal, circulate libelous statements, or
25 release trade secrets." *Id.* (quotations omitted). However, "the mere fact that the production of
26 records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
27 not, without more, compel the court to seal its records." *Id.*

28  In contrast, for discovery documents attached to non-dispositive motions, "the usual

2

presumption of the public's right of access is rebutted." *Id.* "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action." *Id.* Accordingly, in such circumstances, a "particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (quotation and citation omitted).

## ANALYSIS

**I.    G&C's Requests To Seal Documents.**

    **1.    Third-Party Information In Exhibits A and B to the Sargis Declaration**.

G&C requests to redact certain names and dollar amounts from Exhibits A and B to the Declaration of Jenny Sargis (Duffy Decl., Exh. MM), the bookkeeper and accountant for Plaintiff Dibble's Autobody, on the grounds that these exhibits contain third parties' confidential financial information. GEICO does not oppose this request.

The Court finds that sealing this non-party information meets the "compelling reasons" standard set forth in *Kamakana*. The amount of information that G&C seeks to redact is small, and that information is little or no relevance to the issues that were raised by GEICO's summary judgment motions. Accordingly, the Court finds that the privacy interests in this third-party financial information outweighs the public's right to access. The Court therefore **GRANTS** Plaintiffs' request and authorizes that the identifying information and dollar amounts related to these three individuals may be redacted from the public versions of, and unredacted versions may be filed under seal of, Exhibits A and B to the Sargis declaration.

    **2.    G&C and Dibble's Financial Information In The Schmidt And Claiborne Declarations.**

G&C requests to place under seal certain financial information of Plaintiffs that is contained in its two expert declarations. Specifically, G&C seeks to place under seal the financial information found in the following:

- Schmidt Declaration: ¶ 6(b) lines 13-16 & Table 4; ¶ 10(a).
- Claiborne Declaration: ¶ 6(a)(ii); Exhs. B, C, D, E, F, G, I, J & K.

3

1   With the exception of the portion of the Schmidt declaration containing financial information
2   of non-party Blake's Auto Body, GEICO opposes this request.

3   Ordinarily, a party's privacy interest in financial information would be unlikely to provide a
4   "compelling reason" for sealing such information when submitted in connection with a dispositive
5   motion.  Here, however, the financial information submitted by G&C in its expert declarations is not
6   directly relevant to the legal issues that were raised by GEICO's summary judgment motions or that
7   were resolved by the Court.  Indeed, in its December 12, 2007 Order resolving GEICO's summary
8   judgment motions, the Court noted that "Plaintiffs' lengthy presentation of its factual evidence . . . is
9   largely irrelevant to resolution of Defendants' summary judgment motion" (Docket No. 290 at 9:15-
10  16) and further observed that "the content of [G&C's] expert declarations is irrelevant to the Court's
11  resolution of the legal challenges raised by Defendants" (*Id.* at 9 n.2).  Under these circumstances,
12  the Court finds that the financial information at issue constitutes extraneous material attached to a
13  dispositive motion, and should not be considered a judicial document subject to the heightened
14  "compelling reasons" standard.  *See McConnell v. Federal Election Comm'n*, 251 F. Supp. 2d 919,
15  932 (D.D.C. 2003) ("[W]hat makes a document a judicial record and subjects it to the common law
16  right of access is the role it plays in the adjudicatory process."); *United States v. Snyder*, 187 F.
17  Supp. 2d 52, 62-63 (N.D.N.Y. 2002) ("[T]he mere filing of a paper or document with the court is
18  insufficient to render that paper a judicial document subject to the right of public access. . .[T]he
19  item filed must be relevant to the performance of the judicial function and useful in the judicial
20  process in order for it to be designated a judicial document.").  Accordingly, the Court will apply the
21  "good cause" standard to G&C's request to seal this information.

22  G&C's request to seal the financial information meets the "good cause" standard.  G&C has
23  adequately established its privacy interest in maintaining the confidentiality of its internal financials.
24  The Court therefore **GRANTS** G&C's requests to seal the financial information, as identified above,
25  in the Schmidt and Claiborne declarations.  The Court authorizes that this financial information may
26  be redacted from the public versions of, and unredacted versions may be filed under seal of, these
27  declarations.
28  ///

4

**II.    GEICO's Requests To Seal Documents.**

GEICO requests to place under seal two exhibits attached to the Duffy Declaration.

**1.    Exhibit N To The Duffy Declaration.**

GEICO seeks to seal Exhibit N to the Duffy Declaration, a portion of GEICO's AD Adjuster Handbook that G&C filed in connection with its summary judgment opposition, on the grounds that it contains sensitive proprietary information. (Grabel Decl., ¶ 3.)   G&C does not oppose this request.

Once again, the Court finds it appropriate to apply the "good cause" standard because the Handbook is not directly relevant to the legal issues that were raised by GEICO's summary judgment motions or that were resolved by the Court. *See McConnell*, 251 F. Supp. at 932; *Snyder*, 187 F. Supp. 2d at 62-63.  Applying that standard, GEICO has adequately established good cause because of the proprietary information concerning business practices that is contained in the Handbook.  Accordingly, the Court **GRANTS** GEICO's request to place Exhibit N to the Duffy Declaration under seal.

**2.    Exhibit NN To The Duffy Declaration.**

GEICO seeks to seal Exhibit NN to the Duffy Declaration, a letter from the Department of Insurance to GEICO.  The letter is not directly relevant to the legal issues that were raised by GEICO's summary judgment motions or that were resolved by the Court, and the Court will therefore apply the "good cause" standard. *See McConnell*, 251 F. Supp. at 932; *Snyder*, 187 F. Supp. 2d at 62-63.  GEICO has adequately established "good cause" to seal this document because the DOI does not consider the document public and there is presently no reason related to this litigation to place the document in the public record.  Accordingly, the Court **GRANTS** GEICO's request to place Exhibit NN to the Duffy Declaration under seal.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the parties' sealing requests as described above.  The Clerk is **DIRECTED** to file under seal the original versions of the Duffy, Schmidt and Claiborne  declarations that G&C sought to file under seal in their entirety.  However, to ensure the public's access to the documents for which G&C originally made overbroad sealing requests, but

which are not appropriate to seal, the Court further **ORDERS** that, no later than **Tuesday, March 18, 2008**, G&C shall file, in the public record of this Court, redacted copies of the Duffy, Schmidt and Claiborne declarations that exclude, or redact, only that information or those documents that this Order authorizes to be placed under seal. Chambers copies of this additional filing by G&C need not be delivered.

**IT IS SO ORDERED.**

Dated: March 11, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE